UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEROMY C. MERCHANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil No. 9-75-B-W | |
| | ) | |
| MAINE, STATE OF, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Leave to Proceed *In Forma Pauperis* and Recommended Decision**

On February 26, 2009, Jeromy Merchant, a prisoner at the Maine State Prison, filed a document he styled a "petition for writ of habeas corpus." The pleading did not set forth any cognizable claim for relief and was not accompanied by the $5.00 filing fee or an application to proceed in forma pauperis. I entered an order directing Merchant to pay the filing fee or file an application to proceed in forma pauperis and submit an amended petition for habeas corpus relief by completing the forms provided by the court. (Doc. No. 2.) On March 16, 2009, Merchant filed a properly completed application to proceed in forma pauperis. I now grant his application and accept his amended habeas corpus petition for filing.

Unfortunately, Merchant did not heed the second portion of my order. His "amended" petition for habeas corpus relief is identical to the first filing. Merchant puts forth the novel theory that because the State of Maine and the United States are both bankrupt those sovereign entities lack the capacity to assert jurisdiction over him whilst they are insolvent. The remedy, according to Merchant, is that he must be released from custody immediately and all fines and penalties must be vacated. He cites three cases in support of his position. The first, Ex parte Nielsen, 131 U.S. 176 (1889), arising out of a Utah polygamy case, held that a man's earlier conviction for cohabitation with more than one woman under a 1882 statute barred his

subsequent prosecution under an 1887 act prescribing punishment for adultery when the latter

offense is part of a continuous cohabitation with the woman named in the first indictment.  The

second, Ex parte Mayfield, 141 U.S. 107 (1891) is another adultery case, dealing primarily with

jurisdictional issues involving the Cherokee Nation.  The third case, Ex parte Siebold, 100 U.S.

371 (1879), addresses the jurisdiction of the United States to enforce Reconstruction Era election

laws in the City of Baltimore, State of Maryland, outside the District of Columbia or other

enclave under the territorial jurisdiction of the United States circuit courts.  Merchant also

references the United States Constitution, Art. I, Sec. 9, ¶ 2, reminding us that the Writ of

Habeas Corpus shall not be suspended.

His pleadings reveal precious little about why he is in prison or what measures he has

taken in the state courts to exhaust his remedies.  Furthermore, the form of the petition does not

begin to comply with Rule 2 of the Rules Governing Section 22254 Cases.  Pursuant to Rule 4 of

those same rules, this court has an obligation to preliminarily review the petitioner's pleading

and if it is apparent on its face that the petitioner is not entitled to relief, the petition must be

dismissed.  In this case I recommend that the court do exactly that and summarily dismiss this

petition.  Merchant was given a warning and a chance to amend his petition if he seriously

believed that the state convictions he lists in his petition were imposed in violation of federal

law.  No course remains but the summary dismissal of this case.

## NOTICE

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within ten (10) days of being served
with a copy thereof.  A responsive memorandum shall be filed within ten (10)
days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 17, 2009